In the Matter of the Claim of FRANK J. VITALE, Appellant. ALBIN OF LONG BEACH, INC., Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, April 19, 1973.

*Frank J. Vitale,* appellant in person.

*Seymour Chagrin* for Albin of Long Beach, Inc., respondent.

*Louis J. Lefkowitz, Attorney-General,* for Industrial Commissioner, respondent.

HERLIHY, P. J.  This is an appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed November 14, 1972, which reversed so much of a Referee's decision as affirmed the respondent's initial determination that the claimant was eligible for benefits effective January 3, 1972.

The claimant was employed by Albin of Long Beach, Inc. (apparently owned and operated by Max Albin) as a bookkeeper commencing March 23, 1970.  In January of 1971 the claimant demanded a bonus which had been orally promised to him by Max Albin and when it was not paid he terminated his employment.  The board has held that the termination of that period of employment was with good cause for breach of contract by the employer and the awarding of benefits for employment related to that period is not in dispute upon this appeal.

In March of 1971 the claimant entered into a written contract with Max Albin as the employer, the same being terminable by either party upon 15 days' written notice.  The hours of employment were specified as 9:30 A.M. to 4:30 P.M. " without lunch break " on Monday through Friday and from 10:00 A.M. to 3:00 P.M. on Saturday.  The agreement provided for a two-week vacation and overtime; however, the date or time of the vacation was not specified therein.  In December of 1971 the claimant demanded cash from the employer for overtime hours allegedly worked and also in lieu of vacation.  The employer apparently made a vague response that a cash payment would be forthcoming if business warranted it.  The claimant contended that the employer had breached the agreement and terminated the employment.

The contract upon its face would appear to violate section 162 of the Labor Law as to a lunch hour.  The board has found upon the testimony that claimant was free at all times to work from 9:00 A.M. to 5:00 P.M. with a one-hour lunch period and, accordingly, the bare contractual provision would not provide justification for leaving the employment.  It was essentially a matter of credibility for the board as was its determination that ony overtime work was performed gratuitously and without any request by the employer.

The board also found that the employer was justified in refusing any vacation or money in lieu of vacation because

the claimant had not yet worked an entire year from the date of resumption of employment in 1971. In many occupations it is customary that annual vacations be awarded employees based upon a preceding 12-month period of work. However, it does not appear that there is any basis for assuming that in all employments that such is the case and it is common knowledge that vacations can be earned on a monthly or other basis such as being employed when a plant shuts down for a vacation period. Upon the present record, the claimant could have requested his two-week vacation at any time; however, it does not appear that he had any right to demand wages in lieu of vacation and, accordingly, the board correctly determined that in regard to the vacation, the claimant was unjustified in leaving his employment.

The claimant further contends that the board erred in reviewing the Referee's decision as to the last period of employment because the appeal to it was taken under the name of Albin of Long Beach, Inc., the employer for the first period of employment. Upon the present record the failure to specify Max Albin as a separate appellant was a mere oversight and the claimant in his memorandum to the board upon the appeal noted the technical deficiency and specifically waived objection to a hearing on the merits. Subdivision 3 of section 620 of the Labor Law grants certain powers to the board upon its own motion as to the review of Referees' decisions and in view of the claimant's own urging for a complete review, this case would properly be within the jurisdiction of the board as to employment by Max Albin.

The decision should be affirmed, without costs.

STALEY, JR., GREENBLOTT, KANE and MAIN, JJ., concur.

Decision affirmed, without costs.